16-1210 William Lee Maher, et al. v. Federated Service Insurance Company Oral Argument Not to Exceed 15 Minutes per Side Laura Jean Hansen For the Appellant, you may proceed. May it please the Court, my name is Laura Hansen and I represent the Appellant, Federated Service Insurance Company. I would request two minutes be reserved for rebuttal, please. The District Court below in the case erred when it granted Selective's motion for judgment on the pleadings and ruled that Federated's auto sales exception in the who is an insured provision of its policy violated the No-Fault Act. It then compounded that error by ruling that the stated limit of the Federated policy applied to this loss as opposed to the mandatory minimum limit that is in the No-Fault Statute and is governed by Michigan Supreme Court authority. The who is an insured provision lists those persons, drivers, et cetera, who qualify as an insured under the policy and that it has exceptions, one of which is the auto sales exception. The driver in this case, Mr. Maher, while driving was working for West Michigan Auto Auction, which is a commercial entity that employed him. That invoked the auto sales exception of the policy. He therefore did not qualify as an insured. There is no dispute by Selective that that is the case. Selective agrees that on the facts of this claim and on the plain policy language that he does not qualify as an insured under the policy. They rely instead on invalidation as done by the district court here that the provision violates the No-Fault Act. Let's look at the case law. In 2006, the Michigan Court of Appeals in Amerisher v. Brennan upheld the auto sales exception and ruled that it applied to bar coverage in that case. The court did not address the No-Fault Act. The No-Fault Act wasn't erased by the parties and the court enforced it as written. The court also ruled in that case that the driver may not have qualified as a permissive user and therefore fallen within the who is insured provision in the first place. Selective has relied on that to try and contend that the ruling on the auto sales exception is dicta. It is not. The court very clearly stated that if the circuit court was correct in ruling that the exception applies because his permitted use was limited to working in a business, another commercial auto business, where his employer evaluates the risk of that driver and determines what kinds of risks there is to personal injury to others. The auto sales exception doesn't frustrate the intent of the No-Fault Act. In this case, there's still the limits available. There's a $1 million policy issued by Selective to apply to the loss. The district court relied on two cases. The first one is the Citizens v. Chrysler case. In that case, the trial court determined that the permissive user qualified as an insured and that the auto sales exception applied, but then invalidated the provision based on the No-Fault Act. Once the court ruled that way, then it applied the mandatory minimum limits of $40,000. There were multiple injuries in that case. After doing so, the case went up on appeal because the insurer was disputing whether or not they qualified as a permissive user in the first place. Who were they working for at the time was the issue. The court said very clearly no one is appealing whether or not the No-Fault Act invalidates the provision. In that case, the court very clearly stated, we emphasize that the trial court's violation of public policy ruling is not challenged by any party to this appeal. We don't have Michigan appellate court authority that invalidates this provision related to the No-Fault Act. We have an invalidation of the customer exception, which was done by the Michigan Supreme Court in Citizens v. Federated way back in 1995. As a result, the policies issued in Michigan, such as the one that Federated issued here that's a matter of record, and we cited the provision that modifies the who isn't insured provision to remove the customer exception from the policy. That was done in response to that decision. There was nothing in... The argument is that it makes sense to treat customers different from people like the driver here. Yes. I believe that there is. If we're looking... So you'd have to distinguish those cases, the customer cases, in order to come to that conclusion, right? And that's what you're doing. I'm doing that. Customers are different from people who drive it to an auction, right? Right. The basis for that is that it's a business-to-business kind of operation, which is different from a customer who may not be a business. Is that the idea? That's the idea, Your Honor. And there's no... There's no... I mean, it's a nice theory, but there's no... Is there any Michigan case law which supports that distinction? Not which permits the distinction, but which says this is something that we might look at? I think that in both the... There isn't a case that holds that. There isn't a case that... There's no case. I'm wondering whether the distinction actually makes as much sense as you say it does. I mean, a customer could be a business, couldn't it? Would you say that then it wouldn't... The customer exception would now apply? What I'm saying... You could have a customer that's a business that wants to buy a car, and their driver test drives it. But you have to look at the provision that's invalidated, though. The court in that case, in the Citizens vs. Federated, it invalidated the customer exception, not the auto sales exception. I understand what the analysis was. But I'm asking, is there any real distinction? You say, well, the distinction is it doesn't make sense when you're dealing between businesses. Is there any other reason why you wouldn't decide both of those the same way rather than differently? Well, I think because both in the Michigan Supreme Court decision in Citizens vs. Federated and in the Enterprise decision, where this issue of where should the insurance lie, with the owner or not, both of those courts reflected on the fact that when the customer approaches to use the car, they're not aware that the law requires the owner... For example, in Enterprise, when you go rent a car, that contract that you signed, they're not told, well, we have the obligation as the owner of the vehicle to insure this vehicle. And the same situation applied in the Citizens vs. Federated case. The court noted that the customer is not told, we are insuring this vehicle, the vehicle that you're about to test drive. We insure that and we are required to insure it under Michigan law. There was a comment in both of those cases in that regard. When you're dealing with two commercial businesses, they're trying to assess risk as between the two of them. This isn't the first policy that's ever been written that has an out-of-sales exception in it. It's a standard foreign policy. It's issued all over the country. And we've got no-fault laws all over the country as well that require an owner to purchase insurance, right? So this kind of risk shifting happens all the time. We happen to have a Michigan Supreme Court case that says we don't allow it in the customer context. We just don't. But we don't have a case that says that. In fact, we have inconsistent results within the Court of Appeals level. And so what I'm saying is that the court needs to look at this issue and address it as if it is different than the customer exception because I think that it is. If I could switch to the mandatory limits issue as well, Your Honor, I'd like to address – Is the Haller case at all instructive on this? The Haller case is the only case where the first time a provision was invalidated, the mandatory – the full limit of the policy applied. I would characterize that as an outlier. There isn't a Michigan Supreme Court case that applies the full limit of a policy when a provision is invalidated for the first time. It didn't do it in Citizens. Every single Court of Appeals case that applied the full limit of the policy did so in connection with reflecting on the fact that there had been an invalidation many years earlier and that the insurer was aware of it. We don't have that here. And indeed, one of the major cases relied upon by Selective is this Citizens v. Chrysler case, the one where the trial court ruled – and that's, in fact, the primary case that the district court relied on here. That's the case where the trial court ruled that the provision violated the No-Fault Act and then it wasn't appealed. So our position is that the Court of Appeals made no comment on that. I asked the court that looked at the issue in that case, did say it violated the Mandatory Coverage Act, right? It did. And then applied the mandatory limits. Applied the mandatory minimum limits. And it's a trial court decision. All right. Well, just stop in the middle of that sentence. It did invalidate, right? The trial court did, yes. Yes. Didn't the – I thought the intermediate appellate court did. The intermediate appellate court refused to rule on it and said that no party appealed it. Yeah. So we only have a trial court decision. So the test in – You're saying, though, that there are no Michigan Court of Appeals opinions that invalidate this provision? That's correct. The Michigan Court of Appeals decision in Citizens v. Chrysler specifically said that no party appealed it. I understand that. Right? And then the other provisions that are addressed by the Michigan Court of Appeals are not this exception. They are repeats of the customer exception or the other exceptions that have been previously invalidated. The resident relative exception, the family exception, the injury to an insured exception, and then the intentional act. Those three. Well, we have a pattern of striking exceptions, just not precisely this one. That's true, Your Honor. And the rationale, at least part of the rationale, for striking the exceptions is that they are contrary to the policy of the Mandatory Coverage Act, right? That's what the courts have ruled. Okay. Thank you. The provision – the cases – I'd just like to add at the end here as to the mandatory minimum limits. What the courts have ruled in those cases is that the carrier – when the policy limit, the stated limit is applied, the carrier has to either knew or should have known that this provision has been invalidated. And in those cases where the stated limit was applied, all of them had a previous appellate decision invalidating it, and we don't have that here. But suppose, hypothetically, that there were a bunch of Michigan Court of Appeals decisions invalidating every single other exception of the nature of this auto sales exception. Could your client say, well, we didn't know that ours was to be treated the same as every other one? Well, I think it depends on the exception. I mean, this one's different. Other cases aren't the same. And why is this one different? It's different because you're dealing with two commercial entities with two commercial policies. That's okay. Let's go back to the commercial entities. Well, it's because a personal auto policy is just simply different. You know, you're dealing with a personal auto policy, and the court specifically said in Citizens versus Federated that the auto dealership cannot shift that liability to the personal auto policy of a customer. It's just a different, and we're talking public policy here. We're not talking about an overt violation. We've got a public policy indicating what the Michigan Supreme Court wants insurers to do. And insurers need certainty. We need to know what provisions can be used and what can't. Thank you, Your Honor. Good morning, Your Honors. If it pleases the Court, this is Drew Block for Appelee's Selective and Mr. Maher. In our view, this is just simply not a close issue. Every single Michigan state or federal court that has considered whether an exclusion in a policy, whether commercial or personal, in the face of a direct challenge under the Michigan No Fault Act has found that it was void as a matter of law. And has there been a Michigan Court of Appeals opinion with respect to this particular exclusion? I believe so. What case is it? And that's the Citizens Insurance Company of America v. Chrysler. Counsel for Federated has argued throughout this litigation that because there was a footnote in that decision saying that neither party appealed the issue of whether the auto sales exception was void, in my opinion, because it's so obvious, there's no point to continue to argue this. The court after that footnote... Well, in your opinion, because it's so obvious... Right. The court went to the trouble of dropping a footnote to say we're not deciding this issue. Well... Why should we assume that it is apparent that that's because they thought it was so clear? Well, and what I think that what they were doing is so they could dispose of it easily, which they did in the next sentence after the footnote, where they said, Spanky, that's the driver, was not insured under the terms of the Chrysler policy. However, it violated public policy for the owner of the truck, Huntington Ford, to fail to provide coverage for a permissive user such as Spanky. See MCL 500-31011. That's the No Fault Act. That appears to me as a holding of the court. It certainly, I don't think, would lead to a reasonable conclusion that that's not a holding of the court. I would also add that in the Flint auto auction case... What do you think the effect of the footnote is, then? I think, in my view, the effect of the footnote was just to advise that the parties weren't arguing on appeal that the auto sales exception would apply. They were not deciding this. Well, I think, you know, if that footnote stood alone, you know, maybe that would be true. But the fact that they, right afterwards, go say it violated the act and then cited the act, I think goes further. That being said... But that's your best case, is that right? No, I don't... I mean, yes. I mean, I think that case... On the auto sales exception, what is a better case that you have? That's the best case on that exception, specifically. And I frankly think that case really resolves this entire appeal. But there's so many arguments that go further than this. With respect to the supposed distinctions between the various exceptions, I don't think there's any debate that there's never been a Michigan appellate court case that has upheld a who is an insured exclusion in the face of a no-fault act challenge. And moreover... Individuals are different from commercial entities. Are there any of these Michigan Court of Appeals decisions that say that the exclusion is invalid where it's involving a commercial entity? No. There absolutely isn't. And, you know, that Citizens... Sorry, the Citizens v. Chrysler decision, they were both commercial entities. The Flint case in federal court, those were also commercial entities. And, frankly, the initial, the big original case, the Citizens v. Federated, that case doesn't say, doesn't draw a distinction between personal auto policies and commercial auto policies. That distinction has never been drawn by any of the courts, which the district court recognized. And, frankly, it doesn't make any sense for a distinction to be drawn under the case law and the way the statute's written. Interestingly, I mean... Well, if that's responsive to Judge Moore, I wanted to follow on with that. Sure. That presents a strong argument that to predict what the Michigan Supreme Court would do would be that the Michigan Supreme Court will invalidate this provision. But then when you get to whether there should be recovery beyond the limits, then at least at the court of appeals level, as I understand it, there's this knowledge exception. If you assume that there's a knowledge exception, which at least there's some support for you would grant... Some. Yeah. Then if you assume that there is such a knowledge exception, why isn't the absence of a provision other than this footnoted, not really argued thing that you've been talking about in that one case, why isn't that enough to say that all we're going to do is apply the limits of the statute rather than sort of tinker with and sort of create a new insurance policy? Sure. Is that what I'm asking? Yeah. Absolutely. And there's a couple reasons. One is the Martin case from 2008, which is really probably the most detailed recent case discussing the rationale behind voiding who is in insured provisions and applying policy limits. In that case, while they recognized from the previous Kurzman case, which I'll discuss in a minute, it went beyond saying simply that the entire policy limits apply based on some kind of prior knowledge exception. It also indicated that based on its interpretation of general contract principles, by voiding just the invalid who is in insured provision, the policy limits in the policy remain. It was a severable provision. That position has been upheld by other courts since, that contract interpretation decision, and has never been criticized again. Moreover, and this sort of goes back to, I think, I guess the idea that there is sort of a knowledge basis, or an idea that imposition of the policy limits is sort of a sanction against the insured for bad behavior, or insurer for bad behavior. I disagree based on the contract principle argument. However, even then, there's two other bases. When you apply this Michigan statute, you're saying you, the insurance company, have to pay what the literal terms of your contract don't provide that you have to pay. No. The policy limits under the policy. This policy is $500,000. Under the literal language of the policy, you don't have to pay anything. The only reason you have to pay is because there's a statute out there saying, we place into your policy liability because you're the owner, even though you contracted it away. Does that make sense? I understand what you're saying. That's the argument. Right, that's the argument. That's the argument, and it seems, it makes sense to say that the only time that you're going to hold them to something beyond what their policy says is that you hold them to the minimum of what the statute requires that it says. The minimum of what the statute requires that it says is that up to these certain limits, these lower limits, you have to insure the owner of the car, even if the contract says the insurance doesn't apply to the owner of the car. Sure. Two points. One, the statute doesn't actually say that. Courts interpreting that, including Holler, have indicated that when it says that the statute shall not require the state, you know, more than, the No Fault Act doesn't require more than the state policy, you know, the statutory policy limits. That was not, that was a floor, not a ceiling. That was just the minimum that a policy needs to do to comply with the statute, and that's what Holler says. That's what the statute is, is a minimum. You don't have to insure beyond the minimum. Right. You don't have an obligation. Right. But in this case, Federated got a $500,000 policy, and that's what the case in. . . They got a $500,000 policy that didn't apply to the owner in these circumstances. Well, it did, because under Michigan law, that exclusion was void. So your point is that the exclusion is void, and therefore you wipe the exclusion out of the policy, and you then say the policy otherwise provides $500,000 of coverage, and so the rest of the policy applies. Right, and that's what the case law has held. What case law do you rely on? It's in the court in Martin, indicated, quote, the offending provision in the auto owner's policy contained no language indicating that in the event an exclusion was deemed void, only the statutory minimum applies. We cannot be expected to read into the policy language that it did provide. Finally, if auto owners wanted to limit its coverage to garage customers to the statutory minimum, it could have done so. It chose not to, creating an ambiguity at issue, which is one of the basis for its imposition of the full sanctions. This position was also, again, expressly followed by the court in large. I would also just add, auto owners v. large, it's 2010, Westlaw 376786. I would also add that the court in Farm Bureau, with respect to this knowledge requirement, as counsel indicated, that was sort of the quote, unquote, first case where they imposed policy limits despite no prior court specifically voiding the specific policy limit. That court noted that although the criminal acts exclusion in that case had not been specifically voided before, because if it would, if enforced, exclude a class of permissive users, which has been the case going back since 1995 at least, it was patently and clearly violative of the No Fault Act. Any insurer would be knowledgeable of this fact. Even if any reasonable insurer could sit here and read Chrysler and believe that the auto sales exception would survive a challenge under the No Fault Act, which is not something I agree with, we have a 20-plus year strain of precedent denying, voiding every single one of these. Any attempt by any insurer to deny primary residual liability coverage on behalf of the owner's insurer. And one final note with respect to Kurzman, and I think it's sort of inherent in Counsel for Federated's argument that the imposition of the policy limits is sort of a sanctionable situation. Kurzman does mention sanctions, but when he was talking about sanctions, it wasn't talking about that the full policy limits applied and as a sanction for once again attempting to enforce a previously voided provision. What that court actually said was its continued attempt to enforce an exclusionary provision was sanctionable, meaning attorney's fees. Obviously, that's not something I've explicitly stated in this case, but I think the position that this, and I also note in that case, that it doesn't say, when it's talking about this knowledge sort of aspect, it's not that you knew that a policy provision was going to be voided because it had previously been voided before. It's if they knew or should have known that this policy provision was going to be voided. And I state after, the case law is all cited, but like I said in the very beginning, I don't believe that there's any reasonable argument that Federated could make, taking aside Chrysler, that this provision was going to stand up after all of this case law voiding every single provision that's ever faced the No-Fault Act. And I certainly don't think Amerishore, which does not address the No-Fault Act at all, provides them safe harbor in this regard. So unless anybody else has any questions. Martin is a Court of Appeals case or a Supreme Court case? Which one? Martin. Martin was a Court of Appeals case. Thank you. Thank you. Thank you, Your Honor. Martin, as Your Honor has noted, is a Court of Appeals case. It's not a Michigan Supreme Court case. The analysis of the court related to the contract occurs after it first rules that we're going to apply the full limit because the customer exception was invalidated in 1995. It's now 2009. You know you can't rely on it, so we're not going to let you rely on the mandatory minimums. You've got to pay the full limit. Same thing happened in March, which he mentioned as well, which was the 2010 case. So you're saying in those cases they relied on the knowledge. Exactly. That was the primary reason. And if it's been so clear for so many years that everything gets invalidated, then it sure is interesting that the primary case they rely on, the Chrysler case, the mandatory minimum limits were applied there. Granted, again, it's only a trial court decision in that regard, but it was the mandatory minimum limits. Also, the attorney's fees analysis in the Kersman case, I believe, the attorney's fees analysis in that case simply doesn't apply here. We never had a claim for attorney's fees in this case. It's never been raised in the case. And the court in Michigan, the Michigan Court of Appeals, upheld in the Merisher v. Brennan, upheld the provision and didn't address the No-Fault Act. And so to apply the mandatory limits here, if the provision is going to be invalidated, would be the greatest or worst outcome that could occur because you can't enforce the full policy limits when we have a court of appeals decision that enforces the provision. That's all I have. Thank you, Your Honor. Thank you. Thank you both for your argument. The case will be submitted.